JsFITZSIMMONS, Judge.
The issue is whether a hospital service district may own and operate a health care facility located outside the boundaries of the hospital service district as established by the local police jury, without the consent of the police jury of the district in which the health care facility will be operated.
FACTS AND PROCEDURAL HISTORY
The facts in this case are not in dispute. Appellant, Hospital Service District Number 1 of the Parish of Terrebonne (Terrebonne HSD) is a hospital service district created by the Terrebonne Parish Police Jury with boundaries co-extensive with the Parish of Terrebonne. Appellee, Hospital Service District Number 2 of Lafourche Parish (La-fourche HSD), is a hospital service district created by the Lafourche Parish Police Jury and has boundaries that include the property at issue in this litigation in Raceland, Louisiana.
Terrebonne'HSD owns and operates Ter-rebonne General Medical Center (TGMC) in Houma, Louisiana. Additionally, Terrebonne HSD owns and operates a medical facility located in Raceland, Louisiana (Raceland Clinic), which is in the territory of appellee, Lafourche HSD, and is outside the territorial. boundaries of Terrebonne HSD. Appellee, Lafourche HSD, owns and operates St. Anne General Hospital (St.Anne) in Raceland, Louisiana, which is specifically affiliated with Ochsner Medical Foundation, a private health care provider.
On October 2,1996, Lafourche HSD filed a petition for declaratory judgment and for injunctive relief, seeking a determination by the trial court that the purchase by Terre-bonne HSD of certain immovable property located in Raceland, Louisiana, and the operation of a medical facility at that location, were in violation of state law, and to enjoin Terrebonne HSD from owning and operating the same. Terrebonne HSD answered the petition and admitted that it owned the immovable property and that it operated a medical facility at that location. However, Terrebonne HSD argued that Louisiana statutory and constitutional law permitted its ownership and operation of the general health care facility in Raceland.
|4Both Terrebonne HSD and Lafourche HSD filed cross motions for summary judgment and supporting memorandums on the issue of whether Terrebonne HSD could legally own and operate the Raceland Clinic, which was outside of the territorial boundaries of Terrebonne HSD. Additionally, numerous other hospital service districts filed amicus curiae memorandums on the same issue.
After a hearing on the cross motions for summary judgment, the trial court rendered a judgment granting Lafourche HSD’s motion for summary judgment, denying La-fourche HSD’s request for injunctive relief, and denying Terrebonne HSD’s motion for summary judgment. In rendering its judgment, the trial court concluded that the ownership and operation of the Raceland Clinic by Terrebonne HSD was in violation of Louisiana law because Terrebonne HSD was operating outside of its territorial boundaries. However, the trial court rejected Lafourche HSD’s argument that by owning and operat *170 ing a health care facility outside of its district boundaries, Terrebonne HSD had illegally altered its hospital service district boundaries.
A judgment was signed on May 29, 1997. Terrebonne HSD appealed.
LEGAL PRECEPTS
“When a law is clear and unambiguous ..., the law shall be applied as written-” La. C.C. art. 9. “When the language of the law is susceptible of different meanings, it must be interpreted” to best conform “to the purpose of the law.” La. C.C. art. 10.
ANALYSIS
When the statutes governing the hospital service districts are read together, the clear intention of the legislature was to encourage the creation by police juries of public hospital service districts, within a specific geographical area, that would serve the needs of the people of the parish. See La. R.S. 46:1051, et seq. The police jury could create, within its parish, hospital service districts and give them jurisdiction, or the power to exercise authority, within the designated districts. The authority of the hospital service district could be extended beyond the parish in which it was created, if the outside police jury agreed. La. R.S. 46:1051.
The provisions of specific articles relied on by Terrebonne HSD cannot be placed on an equal footing with the enabling statute, Louisiana Revised Statutes 46:1051. See [sLa. R.S. 46:1060 & 46:1071-1076. .Louisiana Revised Statutes 46:1060 is restricted by the “purposes for which the hospital service district was created” and subject to the grant of authority sanctioned by Revised Statute 46:1051. The general language in the enhanced competition articles, “notwithstanding any other law to the contrary,” must also be interpreted and applied within the overall statutory scheme governing the hospital service districts. La. R.S. 46:1077; see also La. R.S. 46:1074. The topic specific competition articles do not and cannot, by inference, rewrite or supersede the enabling statute; and, thereby, extend the authority of the hospital service districts beyond that granted by the legislature. Thus, the competition articles provide that the hospital service districts’ ability to compete, with the “market for health care services” within its authorized district boundaries, is enhanced, “notwithstanding any other law to the contrary” that would impede such competition. La. R.S. 46:1077; see also La. R.S. 46:1074.
To allow the districts’ authority to be unilaterally extended into another parish would result in the evisceration of smaller, poorer, or more rural hospital service districts created to provide services to all the residents of the particular district. The more affluent outside district would willingly serve the areas or needs of the local district or parish that presented a picture of profit, but might not want to provide general unprofitable services for all the residents of the local district or parish.
If consolidation or cooperation is beneficial to the public, the hospital service districts may cooperate and may share inter-parish services, if the requisite parties agree. La. R.S. 46:1051. However, by allowing a public hospital service district to compete with, and possibly cannibalize or destroy, a public district in another parish, many areas of the less affluent, smaller, or rural district could be left without the very medical services that the legislature hoped to promote.
We find no merit in the arguments of appellant, Terrebonne HSD. We affirm the judgment of the trial court. Costs of the appeal, $1023.50, are assessed to Terrebonne HSD.
AFFIRMED.
CARTER, J., dissents and assigns reasons.