Dear Senator Thomas:
This office is in receipt of your request for an opinion of the Attorney General in regard to hospital service districts. You ask the following questions:
 1. Can a hospital service district in one parish employ a physician and/or manage/own a clinic in a neighboring hospital service district?
 2. Is it possible for a hospital service district to establish a foundation that in turn can own and/or manage a practice employing physicians in a neighboring hospital service district?
In accordance with R.S. 46:1051(A) police juries of parishes are authorized "to form and create one or more hospital service districtswithin the respective parishes, or with agreement among police juries concerned, to combine two or more parishes into a single hospital servicedistrict * * *, and in so doing, police juries may create hospital service districts whose boundaries overlap those of other hospital service districts." (Emphasis added.)
Inasmuch as R.S. 46:1051(A) provides that police juries are authorized to create one or more hospital service districts "within the respective parishes", we would conclude a parish cannot manage/own a clinic in a neighboring hospital service district unless there is an agreement to combine two or more parishes into a single hospital service district.
In Atty. Gen. Op. 95-105, with reliance upon Atty. Gen. Op. Nos. 92-219 and 89-341, this office concluded the Police Jury may extend its Hospital Service District area to overlap an existing district but a Hospital Service District Board of Commissioners may not, on their own, extend services or create facilities outside the boundaries of the duly constituted district. In conclusion it was stated as follows:
 We see no difficulty with the Police Jury extending the current boundaries of the South Cameron Memorial Service District to incorporate the area in question, however to enter into a joint venture or any other agreement with the Police Jury for purposes of locating and operating a medical clinic outside the specific boundaries of the Hospital Service District would be in violation of the statutes.
We note in Hospital Service District No. 2 of the Parish of Lafourchev. Hospital Service District No. 1 of the Parish of Terrebonne,716 So.2d 168 (La.App. 1 Cir. 1998), the Court found when the statutes governing the hospital service districts are read together, the clear intention of the legislature was to encourage the creation by police juries of public hospitals service districts within a specific geographic area. It then stated the hospital service district could be extended beyond the parish in which it was created "if the outside police jury agreed." It was reasoned that hospital service districts may cooperate and share inter-parish service if the parties agree, but if allowed to compete with a public district in another parish the less affluent "could be left without the very medical services that the legislature hoped to promote."
Accordingly, in order to insure medical availability in all areas, we find a hospital service district in one parish cannot employ a physician and/or manage/own a clinic in a neighboring hospital service district without an agreement between the districts as a joint venture or cooperative endeavor; and a hospital service district cannot establish a foundation that owns and/or manages a practice employing physicians in a neighboring hospital service district without an agreement between the districts.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Received:
Date Released: October 20, 2003